IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| DENNIS K. ENGLE,<br><br>                    Petitioner,<br>v.<br><br>STATE OF UTAH, et al.,<br><br>                    Respondents. | REPORT AND RECOMMENDATION<br><br>Case No. 2:17-mc-20 DB<br><br>District Judge Dee Benson<br><br>Magistrate Judge Brooke Wells |

This matter is referred to the undersigned in accordance with 28 U.S.C. § 636 (b)(1)(B) from Judge Dee Benson.[1]  Pending before the Court is Petitioner Dennis Engle's Motion for Removal of State Case to Federal Court pursuant to Title 28 U.S.C. § 1446(a) and (c).[2]  The undersigned recommends that this motion be denied and this case dismissed for lack of jurisdiction.

According to Mr. Engle the "grounds for the removal of the above numbered state case to federal court involves a number of serious breaches of both the U.S. Constitution as well as federal laws involving the issues of U.S. Article I, Section 8, Clause 3, "commerce between the several States;"[3]  The underlying state action that Mr. Engle seeks to remove is a criminal matter alleging multiple counts of communications fraud.[4]  The undersigned finds no basis to remove this action and Mr. Engle's broad unsupported assertions of some type of misconduct by the Utah attorney general's office do not support his motion.[5]

---

[1] Docket no. 2.

[2] Docket no. 1.

[3] Mtn. p. 1.

[4] Criminal information attached to Petitioner's motion, docket no. 1-1.

[5] Mtn. p. 4-5.

Based on Mr. Engle's motion it appears he is simply attempting to remove the state case to federal court and then have it dismissed.[6] Such an approach to avoid potential prosecution under state statute, while perhaps novel, is not supported by the U.S. Constitution, the Utah Constitution, any statute or case law.  In short, "[f]ederal courts are courts of limited jurisdiction. They possess only that power authorized by Constitution and statute [and] is not to be expanded by judicial decree, . . . ."[7]  Mr. Engle has failed to meet any burden establishing jurisdiction in this case and thus it should be dismissed.[8]

## RECOMMENDATION

For the reasons set forth above the undersigned RECOMMENDS that Defendant's Motion to DENIED and this case be dismissed for lack of jurisdiction.

Copies of this report and recommendation are being mailed to all parties who are hereby notified of their right to object.  Within fourteen days after being served with a copy, any party may serve and file written objections to such proposed findings and recommendations as provided by rules of Court.[9]  Any objection must be filed within this deadline.  Failure to object may constitute a waiver of objections upon subsequent review.

---

[6] Mtn. p. 2 ("this Court has plenary jurisdiction over the State case to not only hear the matter, but to remove the case immediately, and dismiss it for, among other things, lack of federal jurisdiction . . . .").

[7] *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377, 114 S. Ct. 1673, 1675, 128 L. Ed. 2d 391, 62 (1994) (internal citations omitted).

[8] *See id.* ("It is to be presumed that a cause lies outside this limited jurisdiction, and the burden of establishing the contrary rests upon the party asserting jurisdiction.") (internal citations omitted).

[9] *See* 28 U.S.C. § 636 and Fed. R. Civ. P. 72.

DATED this 6 March 2017.

_____
Brooke C. Wells
United States Magistrate Judge